1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ASSET REALTY, LLC,

                              Petitioner,

        v.

MICHELLE WILSON, *et al.*,

                              Respondents.

CASE NO. C21-0081-RSM

ORDER GRANTING PETITIONER
ASSET REALTY'S PETITION TO
CONFIRM INTERIM ARBITRATION
AWARD AND DENYING RESPONDENT
COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS

## I.      INTRODUCTION

This matter comes before the Court on Petitioner Asset Realty, LLC ("Asset Realty")'s

Petition to Confirm Arbitration Award pursuant to 9 U.S.C. § 9 against Respondents Michelle

Wilson and Chad Cooley.  Dkt. #1.  Respondent Wilson has not appeared in this matter.

Respondent Cooley has appeared and moves to enjoin arbitration proceedings against him.  Dkt.

#16.  Having considered Asset Realty's Petition, the declaration filed in support of that motion,

and the remainder of the record, the Court ORDERS that Asset Realty's Petition to Confirm

Arbitration Award is GRANTED and Respondent Cooley's Motion to Enjoin Proceedings is

DENIED.

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 1

## II.      BACKGROUND

On April 9, 2020, Respondent Wilson entered into a mutual settlement and separation agreement ("Separation Agreement") regarding Asset Realty, a Washington real estate company. Dkt. #3 at 4-6.  The Separation Agreement provided that Respondent Wilson would assign her ownership interest in Asset Realty to Chad Storey and terminate her relationship with the company.  *Id.*  It also provided the terms of Respondent Wilson's severance agreement and transfer of interest to Mr. Storey.  A text box under Section III(5) of the Settlement Agreement reads: "Insert 'Any dispute between the parties arising out of or relating to this agreement shall be subject to mandatory arbitration by a single arbitrator.'"  *Id.* at 5.

Parties proceeded to arbitration, with Respondent Wilson represented by counsel and Respondent Cooley proceeding pro se.  Dkt. #1 at 8.  On December 10, 2020, following parties' oral argument before the Honorable John Erlick (ret.) ("the Arbitrator"), Asset Realty was granted provisional relief in the form of (1) restraining Respondent Wilson and anyone at her direction "from initiating contact with any one or more of Claimants' brokers, agents or employed staff"; and (2) requiring Respondent Wilson to forward and report to Chad Storey any communication she receives from anyone that involves Asset Realty's business.  Dkt. #1-1 at 4-5 ("Interim Arbitration Award").  On January 21, 2021, Asset Realty moved this Court to confirm and enter the Interim Arbitration Award.  Dkt. #1.

## III.      DISCUSSION

### A.  Legal Standard

Parties agree that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, applies to this case. Dkt. #18 at 5; Dkt. #16 at 8.  The FAA provides that "at any time within one year after the award

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 2

is made any party to the arbitration may apply to the court so specified for an order confirming

the award, and thereupon the court must grant such an order unless the award is vacated,

modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.  Here, none

of the parties have sought to vacate or modify the Interim Arbitration Award.  Having considered

Asset Realty's Petition and the declaration in support thereof, the Court finds it proper to confirm

the award.

### B. Cooley's Motion to Enjoin Arbitration Proceedings

On February 25, 2021, Respondent Cooley moved for an order to enjoin the exercise of

jurisdiction over him in the arbitration proceedings on the basis that he has no agreement with

Asset Realty to submit disputes to arbitration.  Dkt. #16.[1]  Respondent Wilson was Cooley's

direct supervisor.  Dkt. #16-1 at ¶ 2.  While Cooley does not move to vacate the Interim

Arbitration Award, which only appears to apply to Respondent Wilson, he asks that this Court

determine whether Cooley has agreed to arbitrate disputes with Asset Realty or Chad Storey such

that he is subject to the arbitration.  Dkt. #16 at 14.  Asset Realty opposes Cooley's motion.  Dkt.

#18.  Respondent Cooley requests oral argument, but the Court need not hear oral argument to

resolve the instant dispute.

i.      Background on Arbitration Proceedings

The relevant facts regarding Cooley's motion are set forth in the Arbitrator's March 4,

2021 ruling denying Cooley's motion to stay arbitration.  *See* Dkt. #17 at 4-10.  On November

16, 2020, Asset Realty filed its Statement of Claim against Respondents and thereafter moved for

a preliminary injunction.  *Id.* at 4-5.  Respondent Cooley, proceeding pro se, emailed the

---

[1] On February 4, 2021, Asset Realty moved to authorize service by email to Respondent Cooley on the basis that he has no permanent physical address.  Dkt. #11 at 7.  Given that counsel for Respondent Cooley appeared on February 25, 2021, Dkt. #15, the Court DENIES Asset Realty's motion as moot.

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 3

Arbitrator claiming he was improperly served with the notice invoking arbitration. *Id.* at 5. The Arbitrator stated that he would consider Cooley's claim the following day at the hearing on Asset Realty's preliminary injunction motion. However, at the hearing, Cooley did not argue improper service and instead orally argued that the contract he signed with Asset Realty was no longer binding. Based on Cooley's argument, the Arbitrator did not enter a preliminary injunction against Cooley and deferred the natter to be heard until the final hearing. *Id.*

Respondent Cooley thereafter sent the Arbitrator an *ex parte* email seeking to dismiss the injunction as to him based on (1) improper service; and (2) that the contract he signed with Asset Realty was no longer binding because he had not signed an agreement to arbitrate. The Arbitrator considered Cooley's email a motion to dismiss and set oral argument on Asset Realty's preliminary injunction motion for January 8, 2021. *Id.* However, Cooley did not appear for oral argument. On January 14, 2021, the Arbitrator issued a written ruling informing Cooley that "[w]hether an arbitration agreement binds a party is a 'gateway dispute' that is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" Dkt. #16-2 at 66 (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83, 84 (2002)) (alteration in original). Accordingly, the Arbitrator advised "it would be incumbent upon Mr. Cooley to seek relief from the courts, and not this Arbitrator for dismissal based upon his claimed status as a non-signatory to an arbitration agreement." *Id.*

Rather than seek judicial relief, Cooley attended the final arbitration hearing on February 1 and 2, 2021. Dkt. #17 at 6. Relying on Cooley's actions, the Arbitrator reapportioned arbitration costs from a 50-50 split between Asset Realty and Respondent Wilson to a 1/3, 1/3, 1/3 split between Asset Realty and both Respondents. *Id.* Asset Realty, also relying on Cooley's

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 4

conduct, paid Cooley's 1/3 share to proceed to the final hearing since Cooley had not paid. The Arbitrator noted that both it and Asset Realty spent "numerous hours researching and considering" Cooley's arguments he presented at the final hearing. *Id.* On February 25, 2021, Cooley filed the instant motion asking this Court to enjoin arbitration proceedings pending its decision on whether Cooley is a proper party to this arbitration and whether he contracted to submit himself to arbitration. Dkt. #16. Cooley thereafter moved the Arbitrator to stay the arbitration proceedings pending this Court's resolution of his motion to enjoin.

On March 4, 2021, the Arbitrator denied Cooley's motion to stay. Dkt. #17 at 4-10. The Arbitrator determined that after Cooley was expressly given the ability and direction to raise the enforceability of the entire contract with this Court, he "freely and voluntarily" chose to submit the question of the contract's continued enforceability to the Arbitrator when he proceeded to the final hearing. *Id.* at 9 ("Respondent Cooley's actions can only be interpreted as his assent and agreement to submit the contract's continued enforceability issue to this Arbitrator to determine. Having given his assent and creating an agreement to arbitrate that issue, he cannot now rescind his agreement, withdraw his submission, and forum shop."). The Arbitrator also reasoned that Cooley's agreement to participate in arbitration cured any defect in the contract's arbitration clause. *Id.* at 8 (citing *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local Union No. 117 v. Washington Emp., Inc.*, 557 F.2d 1345, 1350 (9th Cir. 1977)). The Arbitrator further concluded that Cooley is estopped from claiming he did not agree to submit the entire contract's enforceability issue to the Arbitrator, given the reapportionment of arbitration costs and time spent by both the Arbitrator and Asset Realty in researching and addressing the contract's continued enforceability issue. *Id.* at 9 (citing *Schuster v. Prestige*

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 5

*Senior Mgmt., L.L.C.*, 193 Wn. App. 616, 631, 376 P.3d 412 (2016)).  Finally, the Arbitrator determined that Cooley's enforceability argument was a challenge to the entire contract, not just the arbitration provision, and therefore properly before the Arbitrator.  Dkt. #17 at 9 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006)) ("[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.").

ii.     Jurisdiction to Decide Whether Cooley Bound by Arbitration

Cooley argues that the threshold question of whether he is subject to arbitration must be resolved by this Court as opposed to the Arbitrator.  Dkt. #16 at 8-9.  However, the Court agrees with the Arbitrator that Cooley previously submitted this question to arbitration and cannot now seek to litigate it in this Court.  Whether this Court had jurisdiction in the first instance to decide the enforceability question is therefore irrelevant.

During the final arbitration hearing, Cooley "argued for the first time and elicited testimony to support his claim that the contract he signed with Claimant's predecessor was no longer binding or enforceable" based on the contract's anti-assignment provision.  Dkt. #17 at 7.  At the conclusion of the hearing, the Arbitrator "expressly stated it wanted the parties to address at closing argument Respondent Cooley's argument that the contract Respondent Cooley signed with Claimant was unenforceable because Claimant's predecessor assigned the contract to Claimant in violation of the anti-assignment provision."  *Id.*  Only after that final hearing, on February 25, 2021, did Cooley file a motion with this Court seeking to enjoin arbitration. Dkt. #16.  In that motion, Cooley raises the same enforceability argument parties addressed at the final arbitration hearing:

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 6

> By failing to seek Cooley's consent to the assignment, Asset Realty gave Cooley no opportunity to determine whether the covenants he agreed to in 2015 . . . would be agreeable to him under changed circumstances . . . . He was not given an opportunity to consent to terms with Asset Realty including whether he would choose to arbitrate, and to waive the right to a jury trial of any disputes with Asset Realty.

Dkt. #16 at 11.

By submitting this question to the Arbitrator at the final hearing, Cooley waived any objection to the Arbitrator's jurisdiction to decide the issue. *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Loc. No. 1*, 611 F.2d 580, 584 (5th Cir. 1980) ("[T]he grievance submitted to the arbiter defines his authority without regard to whether the parties had a prior legal obligation to submit the dispute."); *see also Int'l Bhd. of Teamsters*, 557 F.2d at 1350 (holding that employer waived any objection to arbitrator's jurisdiction by submitting issue to arbitration). Accordingly, notwithstanding his arguments that this Court has jurisdiction to resolve "gateway disputes" and that *Buckeye Check Cashing* is inapplicable here, Cooley waived any objection to the Arbitrator's jurisdiction when he submitted the issue to arbitration at the final hearing. Whether this Court had jurisdiction in the first instance to decide the enforceability question is therefore immaterial.

Furthermore, as the Arbitrator pointed out in its March 4, 2021 denying Cooley's request to stay arbitration, the Arbitrator reapportioned costs and Asset Realty paid Cooley's arbitration costs based on their reasonable reliance that Cooley agreed to submit the question of the contract's enforceability to the Arbitrator. Dkt. #17 at 9. Based on this reliance, the Arbitrator reasoned, Cooley is estopped from relitigating the issue before this Court. *Id.* at 9-10. The Court agrees. Under Washington law, "[e]stoppel entails reliance on an adversary's conduct in such a

manner as to change one's position for the worse and the reliance must have been reasonable in that the party claiming estoppel did not know nor should it have known that its adversary's conduct was misleading." *Schuster v. Prestige Senior Mgmt., L.L.C.*, 193 Wn. App. 616, 631 (2016). Here, Asset Realty reasonably relied on Cooley's position at the final hearing that the Arbitrator would resolve the enforceability question. While Cooley argues that his pro se efforts to "navigate civil procedure" should not grant the Arbitrator authority to decide a gateway issue reserved for a court, Dkt. #19 at 10, Cooley's pro se status does not alter the fact that Asset Realty changed its position for the worse by paying the reapportioned costs and investing time to research and address the enforceability issue at arbitration. Accordingly, Cooley is estopped from changing his position and arguing that this Court must resolve the issue instead.

For these reasons, regardless of whether the question of the enforceability of the arbitration provision was properly before the Arbitrator in the first instance, Cooley's decision to proceed to the final arbitration hearing without first seeking judicial relief precludes him from raising the enforceability issue before this Court. Cooley's motion to enjoin arbitration proceedings is therefore denied.

## IV. CONCLUSION

Having reviewed parties' motions, responses, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner Asset Realty's Petition to Confirm Interim Arbitration Award, Dkt. #1, is GRANTED. The Arbitration Award attached thereto as **Appendix A** shall be entered as a judgment in this Court that may be enforced in a like manner and subject to the same procedures as any Judgment of this Court.

(2) Petitioner Asset Realty's Motion to Authorize Service by Email on Respondent Cooley, Dkt. #11, is DENIED as moot.

(3) Respondent Cooley's Motion to Enjoin Arbitration Proceedings, Dkt. #16, is DENIED.

DATED this 21st day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITIONER ASSET
REALTY'S PETITION TO CONFIRM INTERIM
ARBITRATION AWARD AND DENYING
RESPONDENT COOLEY'S MOTION TO ENJOIN
ARBITRATION PROCEEDINGS - 9