UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASSET REALTY, LLC, | Case No. C21-81RSM |
| Plaintiff, | ORDER |
| v. | |
| MICHELLE WILSON, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on Petitioner Asset Realty LLC's ("Asset Realty") Supplemental Motion to Confirm Arbitration Awards (Dkt. #22), Motion for Contempt (Dkt. #30) and Amended Motion for Contempt (Dkt. #31) (together, "Motion for Contempt")[1], and Motion for Temporary Restraining Order ("TRO") (Dkt. #21). Respondent Wilson has not appeared in this matter, but per Asset Realty's certificates of service has been served with the aforementioned motions. Respondent Cooley has previously appeared, counsel has not

---

[1] Asset Realty's Motion for Contempt (Dkt. #30) and Amended Motion for Contempt (Dkt. #31) are seemingly identical. Therefore, the Court shall only cite to the first filed motion, Asset Realty's Motion for Contempt (Dkt. #30), but rules on both motions in this order. The Court also instructs Asset Realty to take better care in further briefings submitted to this Court. Asset Realty's Motion for Contempt is rife with typographic and grammatical errors—at times making parts of its motion impossible to construe. Further, Asset Realty left dozens of blank citations in both its Motion for Contempt and Motion for Temporary Restraining Order. It appears to the Court that Asset Realty may have intended to fill in these citation placeholders at a later time. Asset Realty asks this Court for swift relief, but Asset Realty hampers its own request without complete and legible briefing.

ORDER - 1

withdrawn, yet Respondent Cooley has not responded to any of the aforementioned motions. For the foregoing reasons, Asset Realty's Motion to Confirm Arbitration Awards is GRANTED, Asset Realty's Motion for Contempt is GRANTED IN PART and Asset Realty's TRO is GRANTED IN PART.

## II. BACKGROUND

On April 9, 2020, Respondent Wilson entered into a mutual settlement and separation agreement ("Separation Agreement") regarding Asset Realty, a Washington real estate company. Dkt. #3 at 4-6. The Separation Agreement provided that Respondent Wilson would assign her ownership interest in Asset Realty to Chad Storey and terminate her relationship with the company. *Id.* It also provided the terms of Respondent Wilson's severance agreement and transfer of interest to Mr. Storey. A text box under Section III(5) of the Settlement Agreement reads: "Insert 'Any dispute between the parties arising out of or relating to this agreement shall be subject to mandatory arbitration by a single arbitrator.'" *Id.* at 5.

Parties proceeded to arbitration, with Respondent Wilson represented by counsel and Respondent Cooley proceeding *pro se*. Dkt. #1 at 8. On December 10, 2020, following oral argument before the Honorable John Erlick (ret.) ("the Arbitrator"), Asset Realty was granted provisional relief in the form of (1) restraining Respondent Wilson and anyone at her direction "from initiating contact with any one or more of Claimants' brokers, agents or employed staff"; and (2) requiring Respondent Wilson to forward and report to Chad Storey any communication she receives from anyone that involves Asset Realty's business. Dkt. #1-1 at 4-5 ("Interim Arbitration Award"). On January 21, 2021, Asset Realty moved this Court to confirm and enter the Interim Arbitration Award. Dkt. #1. On July 1, 2021, this Court confirmed and entered the Interim Arbitration Award. Dkt. #20.

ORDER - 2

On September 20, 2021, the Arbitrator issued in the same arbitration an Amended Arbitration Award After Final Hearing and on December 15, 2021, the Arbitrator signed and issued Exhibit A to the Amended Arbitration Award After Final Hearing. Dkt. #22 at 2. On October 3, 2022, Asset Realty moved this Court to confirm and enter the Amended Arbitration Award After Final Hearing and its Exhibit A (collectively, the "Amended Award"). Dkt. #22. That motion is still pending before this Court.

On November 17 and November 18, 2022, Asset Realty filed a Motion for Contempt (Dkt. # 30) and an Amended Motion for Contempt (Dkt. #31), which are seemingly identical, seeking remedies against Respondent Wilson, Respondent Cooley, their recruiting agent Blake Gleiberman, and their principals on whose behalf they allegedly acted: eXp World Holdings, Inc., eXp Realty Holdings, Inc., and eXp Realty, LLC (together, "eXp"), for violating the Interim Arbitration award. In the same motions, Asset Realty also requests the Court to coerce Respondents Wilson and Cooley to comply with the Amended Award that has not yet been confirmed or entered by this Court.

On November 18, 2022, Asset Realty also filed a TRO against Respondents Wilson and Cooley for violating the Amended Award. In its TRO, Asset Realty also requests the same restraints be imposed on Mr. Gleiberman and eXp. Asset Realty has provided no proof of service on Mr. Gleiberman or eXp and seeks a TRO against them without notice.

### III. ANALYSIS

**A. Confirmation of Amended Award**

"Arbitration awards are not self-enforcing. Rather, they must be given force and effect by being converted to judicial orders by courts." *Aguilar v. Carter's Inc.*, No. 1:19-CV-03178-SMJ, 2020 WL 7974335, at *1 (E.D. Wash. Nov. 17, 2020). Previously, the parties represented that it

ORDER - 3

was undisputed that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, applies to this case. Dkt. #18 at 5; Dkt. #16 at 8. The FAA provides that "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

Here, none of the parties have sought to vacate or modify the Amended Award. In fact, neither Respondent nor Mr. Cooley have responded to Asset Realty's motion. Therefore, having considered Asset Realty's motion and the declaration in support thereof, the Court finds it proper to confirm the award.

**B. Contempt Motion**

A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966); *Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008). "Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

To establish a prima facie case for civil contempt, "[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone v. City and Cty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). Clear and convincing evidence requires "more than proof by a preponderance of the evidence and less than proof beyond a reasonable doubt." *Singh v. Holder*, 649 F.3d 1161, 1168 (9th Cir. 2011). Evidence may only be considered "clear and convincing" if it demonstrates that the factual

ORDER - 4

contentions are "highly probable." *Sophanthavong v. Palmateer*, 378 F.3d 859, 866 (9th Cir. 2004). "The contempt need not be willful." *In re Dual-Deck*, 10 F.3d at 695 (internal quotation marks and citation omitted). Contempt sanctions, however, are not warranted where the nonmoving party's action "appears to be based on a good faith and reasonable interpretation" of the court's order. *In re Dual-Deck*, 10 F.3d at 695.

If the Court finds a prima facie case of civil contempt, the burden shifts to the alleged contemnor to demonstrate that it took all reasonable steps to comply yet was unable. *Stone*, 968 F.2d at 856 n.9. "A party's inability to comply with a judicial order constitutes a defense to a charge of civil contempt." *Affordable Media*, 179 F.3d at 1239; *see* U.S. v. Rylander, 460 U.S. 752, 757 (1983) ("While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."). "[T]he party asserting the impossibility defense must show 'categorically and in detail' why he is unable to comply." *Id.* (citing *N.L.R.B. v. Trans Ocean Export Packing, Inc.*, 473 F.2d 612, 616 (9th Cir. 1973)); *see Rylander*, 460 U.S. at 757 ("It is settled, however, that in raising this defense, the defendant has a burden of production."). Substantial compliance also is a defense to civil contempt—"[i]f a violating party has taken 'all reasonable steps' to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986).

In contempt proceedings, the propriety of the underlying order is not at issue; rather, the question for the Court is whether the alleged contemnor has the present ability to obey the Court's order. *See Maggio v. Zeitz*, 333 U.S. 56, 69 (1948). "[A] contempt proceeding does not

ORDER - 5

open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy." *Id.; Rylander*, 460 U.S. at 756–57.

Here, Asset Realty submits three declarations documenting what appears to be clear violations by Respondents Wilson and Cooley of the Interim Arbitration Award and the Amended Award (together, "the Arbitrators' Awards"). *See* Dkts. #27–29. For example, the declarations document repeated attempts by Respondents to solicit Asset Realty's contractors and employees, including an unsolicited text message from Respondent Wilson to Celeste Zarling, an Asset Realty agent, in which Respondent Wilson blatantly seeks to recruit Ms. Zarling by inviting her to an eXp recruiting event. *See* Dkt. #29. Asset Realty also complains of Respondents' continued use of the CFG platform in violation of the Arbitrator's Awards (Dkt. #30 at 9) and their misappropriation of trade secrets in violation of the Arbitrator's Awards (*Id* at 17–19). Notably, Respondents have failed to respond. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). Here, the Court considers Respondents' failure to substantively respond as an admission that the motion has merit. The motion is appropriately granted on that basis as to Respondents Wilson and Cooley.

However, Asset Realty has not provided any proof of service as to Mr. Gleiberman and eXp. As such, Mr. Gleiberman and eXp will not be found in contempt at this time. However, Asset Realty is not precluded from refiling a motion for contempt against Mr. Gleiberman and eXp. in accordance with this Court's rules and procedures.

**C.  Temporary Restraining Order**

First, the Court will address whether the Asset Realty has adequately satisfied TRO procedure as to Blake Gleiberman and eXp.

ORDER - 6

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required*." Fed. R. Civ. P. 65(b)(1) (emphasis added). Unless these requirements are satisfied, "the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion *and include a certificate of service with the motion*." LCR 65(b)(1) (emphasis added). "Unless the Court orders otherwise, the adverse party must (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion, and (2) file its response, if any, within forty-eight hours after the motion is served." LCR 65(b)(5).

The Court concludes that Asset Realty has failed to satisfy the above procedural requirements for a TRO against Mr. Gleiberman and eXp and will deny this motion on that ground alone as to Mr. Gleiberman and eXp.

Second, the Court will address the substance of the TRO as to Respondents Wilson and Cooley.

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The proper legal standard for preliminary injunctive relief requires a party to

ORDER - 7

demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).

As an alternative to this test, a preliminary injunction is appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply" in the moving party's favor, thereby allowing preservation of the status quo when complex legal questions require further inspection or deliberation. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011). However, the "serious questions" approach supports a court's entry of a TRO only so long as the moving party also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id.* at 1135. The moving party bears the burden of persuasion and must make a clear showing that he is entitled to such relief. *Winter*, 555 U.S. at 22.

As to the first factor, Asset Realty argues that it has demonstrated a likelihood that it will succeed on the merits of its contempt motion against Respondents Wilson and Cooley. As explained above, the Court agrees.

As to the second factor, the Court finds that Respondents' continuing violations of the Arbitrators' Awards will cause Asset Realty irreparable harm. "The potential to lose customers, employees, goodwill, and revenue 'certainly support[s] a finding of the possibility of irreparable harm.'" *Navigant Consulting, Inc. v. Milliman, Inc.*, No. C18-1154JLR, 2018 WL 3751983, at *4 (W.D. Wash. Aug. 8, 2018) (quoting *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001)). Here, Asset Realty has submitted evidence that it has already lost over 30 Agents to the Respondents' competing company.

ORDER - 8

As to the third factor, Asset Realty argues that the balance of equities tips in its favor. It states that Respondents will not be unduly burdened by an injunction as they can continue to work in the real estate industry but must abide by the Arbitrator's Awards and not engage in unfair business practices targeting Asset Realty and its agents. The Court agrees.

And finally, the Court finds that an injunction would be in the public interest. In balance, the public interest is benefitted by the enforcement of contractual provisions that aim to protect a company's investment in its development of trade secrets and customer relationships. *See Navigant Consulting, Inc.*, 2018 WL 3751983, at *4 *("Theft of trade secrets, and allowing the thieves to retain and use the confidential information they purloined, undermines business development and stability; preventing such conduct is in the public's interest.") (quoting *Earthbound Corp. v. MiTek USA, Inc.*, No. C16-1150 RSM, 2016 WL 4418013, at *10 (W.D. Wash. Aug. 19, 2016)).

## IV. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Petitioner Asset Realty's Supplemental Motion to Confirm Arbitration Awards (Dkt. #22) is GRANTED. The following Arbitration Awards, as attached to the Declaration of Dennis McGlothin (Dkt. #23), shall be entered as judgments in this court that may be enforced in a like manner and subject to the same procedures as any Judgment of this Court:

    a. Amended Arbitration Award After Final Hearing, with its Exhibit A;

    b. Ruling Determining Attorney Fees and Cost Award Amounts Against Respondent Wilson;

ORDER - 9

c.  Findings of Fact and Conclusions of Law Regarding Claimant's Motion for Sanctions Under FRCP 37/CR 37 for Failing to Comply with Discovery and Arbitrator's January 26, 2021 Ruling;

d.  Ruling on Arbitration Cost and Reimbursement; and

e.  Ruling on Claimant's Motion for Sanctions re: Incomplete Discovery Concerning Matthew Walker.

2) Petitioner Asset Realty's Motions for Contempt (Dkts. #30–31) are DENIED as to Blake Gleiberman, eXp World Holdings, Inc., eXp Realty Holdings, Inc., and eXp Realty;

3) Petitioner Asset Realty's Motions for Contempt (Dkts. #30–31) are GRANTED as to Respondents Wilson and Cooley;

4) Respondents Wilson and Cooley shall show cause why they should not be found in contempt for violation the Arbitrator's Awards. This response must be filed **within fourteen (14) days** and my not exceed **six (6) pages** without leave of court;

5) Petitioner Asset Realty's Motion for Temporary Restraining Order (Dkt. #32) is DENIED as to Blake Gleiberman, eXp World Holdings, Inc., eXp Realty Holdings, Inc., and eXp Realty;

6) Petitioner Asset Realty's Motion for Temporary Restraining Order (Dkt. #32) is GRANTED as to Respondents Wilson and Cooley;

7) Effective as of the date of this order, Respondents, including their agents and corporate entities under their control, are hereby **ENJOINED AND RESTRAINED** from:

   a. Having any contact with any of Petitioner Asset Realty, LLC d/b/a Century 21 Northwest Realty's ("Asset Realty") current agents or employees, even if such contact is initiated by Asset Realty's agents or employees if those agents or employees are working with or for the Petitioner Asset Realty (collectively "Asset Realty Personnel");

   b. Directly or indirectly discussing, or disclosing any information pertaining to Petitioner Asset Realty's computer software system regarding seller lead generation to any one or more third parties; and

   c. Participating in or assisting with, in any fashion whatsoever, creating, improving, or otherwise developing a seller lead generation computer software system or a seller lead program either by themselves or in coordination or cooperation with third parties.

8) This injunction is effective as of the date of this Order and will remain in effect and shall expire on the date set for a Preliminary Injunction hearing;

9) The matter of Bond shall be reserved until the Preliminary Injunction hearing;

10) The Court will set, within 48 hours of issuance of this Order, a date for an expedited hearing on Petitioner's motion for preliminary injunction and, at which time, Respondents will be directed to show cause why they should not be found in contempt for violating the Arbitrator's Awards and why the relief in petitioner's motion for preliminary injunction should not be granted;

11) The clerk is directed to serve a copy of this order on all parties including Respondent Wilson and Respondent's Wilson's counsel in Arbitration via US Mail and email at the following addresses:

ORDER - 11

Douglas S. Tingvall, WSBA #12863
23540 58th Avenue South, Apt. #PP103
Kent WA 98032-3768
Telephone: (253) 277-3604
Email: RE-LAW@comcast.net
**Counsel for Respondent Michelle Wilson in Arbitration**

Michelle Wilson
31687 North 131st Drive
Peoria, AZ 85383
Email: michelle.wilson@exprealty.com
**Respondent**

DATED this 22nd day of November, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 12