UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASSET REALTY, LLC, | Case No. C21-81-RSM |
| Petitioner, | ORDER |
| v. | |
| MICHELLE WILSON, *et al.*, | |
| Respondents. | |

## I.  INTRODUCTION

This matter comes before the Court on Petitioner Asset Realty, LLC ("Asset Realty")'s Motion for Determination of Attorney Lien Against Former Attorney (Dkt. #45), Creditor Williams Kastner & Gibbs, PLLC ("WKG")'s response (Dkt. #54), and Asset Realty's reply (Dkt. #55).  Having reviewed the briefing and the associated declarations and submissions, the Court DENIES the motion, refusing to exercise its ancillary jurisdiction to adjudicate this matter.

## II.  BACKGROUND

This dispute has a lengthy and convoluted history in multiple forums outside this Court that will not be repeated here.  In fact, by both parties' own admissions, the Court may not even be fully aware of all that has transpired.  *See e.g.,* Dkt. #54 at 1–2 (WKG accusing Asset Realty for "complete lack of candor"); Dkt. #55 at 2 (Asset Realty accusing WKG of omitting

ORDER - 1

"important" details in its Response). From what the Court has gathered in the limited briefing before it, WKG is a law firm that represented Asset Realty in litigation against eXp World Holdings, Inc. and Respondents in this case, Michelle Wilson and Chad Cooley, in the fall of 2020. Dkt. #54, Ex. A ("King County Action Complaint") ¶ 1.1–1.4.[1] Arbitration was then separately commenced against Respondents Wilson and Cooley before the Honorable John Erlick (Ret.) (the "Arbitrator"). Dkt. #1 at 8.

On December 10, 2020, following oral argument before the Arbitrator, Asset Realty was granted an Interim Arbitration Award. Dkt. #1-1 at 4-5. On January 21, 2021, Asset Realty moved this Court to confirm and enter the Interim Arbitration Award. Dkt. #1. On July 1, 2022, WKG filed a Notice of Withdrawal in this case. Dkt. #21. On July 21, 2021, this Court confirmed and entered the Interim Arbitration Award. Dkt. #20. On September 20, 2021, the Arbitrator issued in the same arbitration an Amended Arbitration Award After Final Hearing and on December 15, 2021, the Arbitrator signed and issued Exhibit A to the Amended Arbitration Award After Final Hearing. Dkt. #22 at 2. On October 3, 2022, Asset Realty moved this Court to confirm and enter the Amended Arbitration Award After Final Hearing and its Exhibit A

---

[1] In WKG's response to Asset Realty's Motion, it attaches pleadings from state court litigation initiated by WKG against Asset Realty. Asset Realty correctly points out that WKG failed to request judicial notice of these documents per the Local Rules. Dkt. #55 at 2 n.1. However, Asset Realty confirms Exhibit A, the King County Complaint is a "true and correct copy of the Complaint WKG filed in the State Court Litigation, and Asset does not object to this Court considering it. No such concession is made to the other Exhibits to WKG's Response." *Id.* The court may take judicial notice of documents filed in Washington state court cases. *See Khazali v. Berns*, No. C16-1022JLR, 2016 WL 4479915, at *1 n.3 (W.D. Wash. Aug. 24, 2016) (collecting cases). However, "[i]f the facts in such documents are disputed, 'judicial notice is limited to recognizing that the documents exist, but not for the truth of the matters set forth therein, as those factual matters remain contested.'" *IDS Prop. Cas. Ins. Co. v. Ivanov*, No. C18-1161-JCC, 2019 WL 2646112, at *3 (W.D. Wash. June 27, 2019) (quoting *Brown v. Home Depot*, No. C14-0896 RSM, 2015 WL 9839773, at *3 (W.D. Wash. Feb. 5, 2015)). As such, the Court will take judicial notice as to the exhibits attached to Dkt. #54 as to their existence, but not for the truth of the matters set forth therein.

ORDER - 2

(collectively, the "Amended Award"). Dkt. #22. WKG then filed a Notice of Attorney Lien on November 3, 2022. Dkt. #26. On November 21, 2022, Respondent Wilson paid to the order of WKG $2,235.06 pursuant to the Amended Award. Dkt. #45 at 2.

On November 22, 2022, Asset Realty's Supplemental Motion to Confirm Arbitration Awards was granted. Dkt. #35. There were further proceedings before this Court regarding Asset Realty's Motion for Contempt (Dkts. #30–31) and Asset Realty's Motion for Temporary Restraining Order (Dkt. #32), which are not relevant here.

Unbeknownst to this Court, Asset Realty and WKG were meanwhile embroiled in litigation over allegedly unpaid fees in King County Superior Court. On June 15, 2022, WKG filed a lawsuit seeking judgment against Asset Realty regarding its claims for the unpaid legal fees incurred on Asset Realty's behalf. *See Williams Kastner & Gibbs, PLLC v. Asset Realty, LLC*, King County Superior Court No. 22-209082-1 ("King County Action"); King County Complaint. The next month, on July 1, 2022, WKG filed a Notice of Withdrawal in this case. Dkt. #21. The King County Action is assigned to the Honorable Chad Allred, who continues to issue orders (as recently as last month), which enable WKG to lien, garnish or otherwise attach any such sums that are paid to Asset Realty and are potentially recoverable by WKG. Dkt. #54 at 3; *Id.*, Ex. D.

Asset Realty concedes WKG has the right to claim a lien on amounts Respondent Wilson may pay pursuant to the now-confirmed arbitration award. Dkt. #45 at 3. However, Asset Realty brings this motion to set forth summary procedures to determine the amount, if any, WKG is entitled to for the services it performed in this action. *Id.* WKG opposes Asset Realty's motion and argues the Court lacks jurisdiction over WKG and that the Court should defer any issues (if

ORDER - 3

properly before this Court) regarding the propriety of WKG's claims for fees to Judge Allred in the King County Action.

### III.     ANALYSIS

A. **Washington Law of Attorney Liens**

"In order to realize on a lien, absent agreement with the client, there must be an adjudication respecting the lien." Marjorie Rombauer, 27 Washington Practice: Creditors' Remedies and Debtors' Relief § 4.29 (2008). That adjudication need *not* occur at the court with jurisdiction over the dispute that gave rise to the lien itself: "[A]n attorney claimant may, after filing the lien, bring an action to foreclose and have the right to the lien and its reasonableness determined *in any proper forum.*" *Id.* (emphasis added).

In Washington State, attorney liens are a creation of statute. Wash. Rev. Code §§ 60.40.010–030. They have generated few cases, but much confusion. *See* Zach Elsner, Note, *Rethinking Attorney Liens: Why Washington Attorneys Are Forced Into "Involuntary" Pro Bono*, 27 Seattle U. L. Rev. 827, 829 (2004) (noting that "only a few Washington cases have addressed attorney liens[,]" and that "ethical and judicial interpretations have transformed Washington's attorney lien statute into a confused and illogical body of law that frustrates the statute's purpose[.]"). *See also* Rombauer at § 4.21 (concluding that "the attorney lien statute leaves open many questions.").

In 2004, the Washington State Legislature amended the attorney lien statute for the first time since it was adopted by the Territorial Legislature in 1863. *See* 2004 Wash. Legis. Serv. ch. 73. Although the Legislature's stated purpose was only to "end double taxation of attorneys' fees obtained through judgments and settlements," the amendments made substantial textual revisions. One commentator noted that the amendments would do much more than affect tax

ORDER - 4

status, and would "undoubtedly [have] some unintended consequences." *See* Deborah Brookings, *Strange Bedfellows: The New Washington Attorney Lien Statute and the* Blaney *Cases*, 58 WASH. ST. B. NEWS 19 (Dec. 2004), available at https://wabarnews.org/wp-content/uploads/2023/02/2004-VOL-58-NO-12.pdf (last accessed Feb. 9, 2023).

**B. Federal Jurisdiction**

Federal courts are courts of limited subject-matter jurisdiction. *See, e.g., Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). There are two primary restrictions on federal judicial power: the cases and controversies requirement of Article III, and the requirement of a federal statute authorizing jurisdiction. These limitations on federal-court jurisdiction promote many important constitutional values, including respect for the independence of state judiciaries in the American federalist system. *See* Erwin Chemerinsky, Federal Jurisdiction 266 (5th ed. 2007). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936). Subject-matter jurisdiction is non-consentable, and may be raised by the court *sua sponte*. *See Mottley*, 211 U.S. 149 (1908); *see also* Chemerinsky at 267–68.

Concerns about state judicial independence notwithstanding, federal courts often adjudicate state-law matters that are ancillary to the claims that meet the requirements of original federal jurisdiction. *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). The exercise of supplemental jurisdiction promotes important judicial values, like convenience and economy, by providing litigants with a single forum in which to resolve their entire dispute and avoiding

ORDER - 5

wasteful uses of state-court resources. *See* Charles Wright & Arthur Miller, 13 Federal Practice and Procedure § 3523 (3d 2008). One of the most typical exercises of supplemental jurisdiction is the compulsory counterclaim, which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" *See* Fed. R. Civ. P. 13(a)(1).

Closely related to this concept of supplemental jurisdiction is *ancillary jurisdiction*, which allows a federal court to hear collateral proceedings that arise from transactions or occurrences *separate* from the facts of the original case. *Id.* § 3523.2. Federal courts exercise ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380 (1994) (internal citations omitted). Adjudications regarding attorney fees fall within a federal court's ancillary jurisdiction. *See* Wright & Miller § 3523.2.

It is clear that this Court has the authority to adjudicate many ancillary issues involving attorney fees. *See, e.g., Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 ("Determining the legal fees a party to a lawsuit properly before the court owes its attorney, with respect to the work done in the suit being litigated, easily fits the concept of ancillary jurisdiction.") (dictum). It is equally clear that the Court may exercise its discretion to *refuse* to hear ancillary issues involving attorney fees. In fact, the Court has been found to have abused its discretion to exercise such jurisdiction in some cases. In *Federal Savings & Loan*, the Ninth Circuit cited with approval the case of *Bounougias v. Peters*, 369 F.2d 247 (7th Cir. 1966), in which the appellate court reversed the district court for having improperly exercised ancillary jurisdiction in a dispute involving attorney fees. The court noted that the district court did not

have to adjudicate the state-law claim to resolve the Article III case over which it had original jurisdiction:

> [T]hese proceedings do not relate to any matter which full justice, logic, or even convenience would have required a decision upon by the trial court as part of the original litigation. Whatever the result may finally be in this litigation, it will not make more complete or satisfactory or, indeed, even affect the judgment of the district in the negligence suit. Nor can it be said that this suit relates to matters coming so near to the life and dignity of the district court that an exercise of inherent powers to protect its authority was necessary.

*Id.* at 249. *See also* Wright & Miller § 3523.2 (collecting cases).

### C. Asset Realty's Motion for Determination Of Attorney Lien

This Court declines to adjudicate this matter. The typical justifications for ancillary jurisdiction, like promoting judicial economy and protecting the authority of the federal courts, do not attach here. This Court is not especially acquainted with the efforts that WKG has expended on Asset Realty's behalf as it has only submitted limited briefing to this Court before filing its Notice of Withdrawal (Dkt. #21). It would not consume much of the Washington State Judiciary's resources to review WKG's brief submissions to this Court, and a state-court judge would be equally competent to hold an evidentiary hearing at which evidence of their efforts could be submitted. Moreover, because this controversy has no relationship with the underlying dispute between Asset Realty and Respondents Wilson and Cooley, it does not come "so near to the life and dignity" of this Court that an exercise of its inherent power is necessary to vindicate its authority. *Bounougias*, 369 at 249.

The controversy between Asset Realty and its former attorneys present complicated issues already before Judge Allred in King County Superior Court, and would require this Court to tread upon an area uniquely reserved to the Washington State Judiciary: the supervision of the State Bar. Asset Realty accuses WKG of breaching ethical duties that sound chiefly in the Washington State Rules of Professional Conduct. *See* Dkt. #55 at 2–3. The supervision of the

ORDER - 7

Washington State Bar and the interpretation of the State Rules of Professional Conduct are uniquely the responsibility of the Washington courts. *See Matter of Washington State Bar Ass'n*, 548 P.2d 310, 315 (Wash. 1976) ("[T]he regulation of the practice of law in this state is within the inherent power of this court."); *see also* Restatement of the Law Governing Lawyers (Second) § 1 Comment *c* (contrasting the plenary role of state high courts with the more limited supervision of the federal courts in the regulation of lawyering).

In sum, balancing supervisory responsibility over the State Bar with the 2004 amendments to the attorney lien statute are most appropriately handled by state-court judges, absent a compelling need otherwise. No such need presents itself here. The state courts provide a competent forum in which to litigate these issues.

## IV.   CONCLUSION

The Court has reviewed the submissions associated with Asset Realty's Motion for Determination of Attorney Lien Against Former Attorney (Dkt. #45). For the reasons stated above, the Court DENIES the Motion.

DATED this 10th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 8